UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JAMES FIELDS and
THOMAS LIBERT
on behalf of themselves and
all others similarly situated,

       Plaintiffs,

v.

CONSTRUCTION SOLUTIONS
OF THE FOX VALLEY LLC

       Defendant

Case No. 19-cv-1044

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.     This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiffs, James Fields and Thomas Libert, on behalf of themselves and all other similarly situated current and former hourly-paid, non-exempt Laborer employees of Defendant, Construction Solutions of the Fox Valley LLC, for purposes of obtaining relief under the FLSA and WWPCL for unpaid wages, unpaid overtime and regular wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant, Construction Solutions of the Fox Valley, is a privately owned construction company headquartered in Neenah, Wisconsin.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt Laborer employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by: (1) shaving hours worked from Laborer employees' weekly timesheets, in violation of the FLSA and WWPCL; and (2) failing to compensate Laborer employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, in violation of the WWPCL.

4.     Defendant's failure to compensate its hourly paid, non-exempt Laborer employees for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8.     Defendant is a Neenah, Wisconsin-based company with a principal office address of 2485 Schultz Drive, Neenah, Wisconsin 54956.

9.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

10.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiffs, and Plaintiffs were "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

11.     Plaintiff, James Fields, is an adult male resident of the State of Wisconsin residing at 1088 North Street Neenah, Wisconsin 54956.

12.     Plaintiff, Thomas Libert, is an adult male resident of the State of Wisconsin residing at 324 Green Street, Seymour, Wisconsin 54165.

13.     Plaintiffs' Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

14.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs worked as hourly-paid, non-exempt Laborer employees at Defendant's direction, with Defendant's knowledge, for Defendant's benefit, and/or on behalf of Defendant.

15.     Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former hourly-paid, non-exempt Laborer employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiffs performed compensable work and similar job duties as other current and former hourly-paid, non-exempt Laborer employees who work at, worked at, and/or were employed by Defendant in the States of Wisconsin.

16.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other current and former hourly-paid, non-exempt Laborer employees were subject to Defendant's same unlawful policies as enumerated herein.

17.     Defendant supervised Plaintiffs' day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt Laborer employees.

18.     Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiffs and all other hourly-paid, non-exempt Laborer employees.

19.     Defendant had the ability and authority to review Plaintiffs' work performance and the work performance of all other hourly-paid, non-exempt Laborer employees.

20.     Defendant established the work rules, policies, and procedures by which Plaintiffs and all other hourly-paid, non-exempt Laborer employees abided in the workplace.

21.     Defendant controlled the terms and conditions of Plaintiffs' employment and the employment of all other hourly-paid, non-exempt Laborer employees.

22.     Defendant established Plaintiffs' work schedule and the work schedules of all other hourly-paid, non-exempt Laborer employees.

23.     Defendant provided Plaintiffs and all other hourly-paid, non-exempt Laborer employees with work assignments and hours of work.

24.     Plaintiffs' hours of work and the hours of work of all other hourly-paid, non-exempt Laborer employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

25.     From approximately May 2019 to July 2019, Plaintiff, James Fields, worked at Defendant as an hourly-paid, non-exempt Laborer employee.

26.     For approximately three (3) weeks in December 2018, Plaintiff, Thomas Libert, performed work for Defendant as an hourly-paid, non-exempt Laborer employee. Plaintiff Libert also worked at Defendant as an hourly-paid, non-exempt Laborer employee from approximately May 5, 2019 to June 29, 2019.

27.     During their respective periods of employment with Defendant, Plaintiffs performed work as hourly-paid, non-exempt Laborer employees at Defendant's direction, with Defendant's knowledge, for Defendant's benefit, and/or on behalf of Defendant.

28.     During the entirety of Plaintiffs' respective periods of employment with Defendant, Plaintiffs were hourly-paid, non-exempt employees for purposes of the FLSA and WWPCL.

29.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), all of Defendant's Laborer employees were hourly-paid, non-exempt employees for purposes of the FLSA and WWPCL.

30.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Laborer employees regularly worked in excess of forty (40) hours per workweek.

31.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt Laborer employees bi-weekly via check.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

33.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant utilized the same timekeeping policies and practices to record hours worked and work performed for all of its hourly-paid, non-exempt Laborer employees, including Plaintiffs.

34.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant utilized the same timekeeping policies and practices to record Plaintiffs' and all other hourly-paid, non-exempt Laborer employees' lunch breaks and/or meal periods.

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant utilized the same compensation and payroll policies and practices vis-à-vis Plaintiffs and all other hourly-paid, non-exempt Laborer employees.

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Laborer employees were subject to Defendant's same written employment policies, terms, and conditions.

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Laborer employees were subject to Defendant's same unlawful employment policies in practice, including Defendant's: (1) shaving time and hours worked from Laborer employees' weekly timesheets, in violation of the FLSA and WWPCL; and (2) failure to compensate Laborer employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

38.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Laborer employees used Defendant's electronic timekeeping system to record hours worked and work performed – to "clock in" and "clock out" – each work day.

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's electronic timekeeping system recorded the compensable hours worked and work time of Plaintiffs and all other hourly-paid, non-exempt Laborer employees.

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Laborer employees used Defendant's electronic timekeeping system to record lunch breaks and/or meal periods each work day.

41.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiffs and all other hourly-paid, non-exempt Laborer employees to "clock out" for (and to "clock back in" from) lunch breaks and/or meal periods each workday via its electronic timekeeping system.

42.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Laborer employees "clocked out" at the beginning of their lunch breaks and/or meal periods each work day – and then "clocked back in" at the conclusion of their lunch breaks and/or meal periods in the same manner – via Defendant's electronic timekeeping system.

43.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Laborer employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system for lunch breaks and/or meal periods each work day.

44.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt Laborer employees for work performed immediately prior to "clocking out" its electronic timekeeping system for lunch breaks and/or meal periods each work day.

45.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Laborer employees performed compensable work immediately after "clocking back in" via Defendant's electronic timekeeping system from lunch breaks and/or meal periods each work day.

46.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt Laborer employees for work performed immediately after "clocking back in" via its electronic timekeeping system from lunch breaks and/or meal periods each work day.

47.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt Laborer employees' lunch breaks and/or meal periods on a daily basis frequently lasted less than thirty (30) consecutive minutes in duration.

48.     In practice and on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Laborer employees frequently "clocked out" at the beginning of their meal periods and then "clocked back in" at the conclusion of their meal periods less than thirty (30) consecutive minutes thereafter via Defendant's electronic timekeeping system in order to return to work at Defendant.

49.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was not to compensate Plaintiffs and all other hourly-paid, non-exempt Laborer employees for lunch breaks and/or meal periods each work day, regardless of the length of the lunch break and/or meal period.

50.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was not to compensate Plaintiffs and all other hourly-paid, non-exempt Laborer employees for lunch breaks and/or meal periods that lasted less than thirty (30) consecutive minutes in duration.

51.     In practice and on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to compensate Plaintiffs and all other hourly-paid, non-exempt Laborer employees for lunch breaks and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL, and

which also often resulted in Defendant's failure to compensate said employees with overtime pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA and WWPCL.

52.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice on a daily basis was to adjust its electronic timekeeping system to the detriment of Plaintiffs and all other hourly-paid, non-exempt Laborer employees (and to the benefit of Defendant) if said employees took lunch breaks and/or meal periods that lasted less than thirty (30) consecutive minutes in duration.

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice on a daily basis was not to compensate Plaintiffs and all other hourly-paid, non-exempt Laborer employees for hours worked and work performed immediately following the conclusion of said employees' daily lunch break and/or meal period if said employees' daily lunch breaks and/or meal periods lasted less than thirty (30) consecutive minutes in duration.

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was not to compensate Plaintiffs and all other hourly-paid, non-exempt Laborer employees for hours worked and work performed immediately following the conclusion of said employees' daily lunch breaks and/or meal periods if said employees' daily lunch breaks and/or meal periods lasted less than thirty (30) consecutive minutes in duration, effectively shaving time from said employees' weekly timesheets, which also often resulted in Defendant's failure to compensate said employees with overtime pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA and WWPCL.

55.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiffs and all other hourly-paid, non-exempt Laborer employees for all hours actually worked and/or work performed each work day, including but not limited to at an overtime rate of pay.

56.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiffs and all other hourly-paid, non-exempt Laborer employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed.

57.     Defendant was or should have been aware that its policies in practice failed to compensate Plaintiffs and all other hourly-paid, non-exempt Laborer employees for all hours worked and/or work performed each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

58.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective**: All hourly-paid, non-exempt Laborer employees who were employed by Defendant within three (3) years immediately prior to the filing of this Complaint, (ECF No. 1), and who did not receive compensation at an overtime rate of pay as a result of Defendant's shaving time from said employees' weekly timesheets and/or failure to compensate said employees for daily meal periods lasting less than thirty (30) consecutive minutes in duration.

59.     Defendant, as a matter of policy and practice, shaved hours worked and work performed from Plaintiffs' and the FLSA Collective's weekly timesheets, in violation of the FLSA. These practices resulted in Plaintiffs and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

60.     Defendant, as a matter of policy and practice, did not compensate Plaintiffs and the FLSA Collective for daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL. These practices resulted in Plaintiffs and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

61.     The First  Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiffs on behalf of the FLSA Collective.

62.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

63.     Plaintiffs and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiffs stated herein are the same as those of the FLSA Collective.

64. Plaintiffs and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to lawfully compensate employees for all overtime compensation owed.

65. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's corporate location in areas where postings are normally made.

66. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

67. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class**: All hourly-paid, non-exempt Laborer employees who were employed by Defendant within two (2) years immediately prior to the filing of this Complaint, (ECF No. 1), and who did not receive compensation, including but not limited to at an overtime rate of pay, as a result of Defendant's shaving time from said employees' weekly timesheets and/or Defendant's failure to compensate said employees for daily meal periods lasting less than thirty (30) consecutive minutes in duration.

68. The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes

related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

69.     The proposed Wisconsin Class are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over thirty (30) members of the Wisconsin Class.

70.     Plaintiffs' claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiffs and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

71.     Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class. Plaintiffs are represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

72.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons

to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

73.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

74.     Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

75.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiffs and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiffs and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay the Wisconsin Class for all work Defendant suffered or permitted them to perform; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

76.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime**
**(Plaintiffs on behalf of themselves and the FLSA Collective)**

77.     Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

78.     At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

79.     At all times material herein, Defendant was an employer of Plaintiffs and the FLSA Collective as provided under the FLSA.

80. At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendant as provided under the FLSA.

81. Plaintiffs and the FLSA Collective were victims of uniform compensation policies and practices in violation of the FLSA.

82. Defendant violated the FLSA by failing to account for and compensate Plaintiffs and the FLSA Collective for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek by shaving time from Plaintiffs' and the FLSA Collective's weekly timesheets and by failing to compensate Plaintiffs and the FLSA Collective for daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL.

83. 29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

84. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

85. Defendant's failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. §

216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

86.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

87.     Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

88.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Overtime**
**(Plaintiffs, on behalf of themselves and the Wisconsin Class)**

89.     Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporates all previous paragraphs as if they were set forth herein.

90.     At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

91.     At all relevant times, Defendant was an employer of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

92. At all relevant times, Defendant has employed, and continues to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

93. Throughout the Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

94. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

95. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

96. Defendant willfully failed to pay Plaintiffs and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by shaving time from Plaintiffs' and the Wisconsin Class' weekly timesheets and by failing to compensate Plaintiffs and the Wisconsin Class for daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of Wisconsin Wage Payment Laws.

97. As set forth above, Plaintiffs and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the

Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

98.     Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

### THIRD CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Wages
### <u>(Plaintiffs, on behalf of themselves and the Wisconsin Class)</u>

99.     Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

100.    At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

101.    At all relevant times, Defendant was an employer of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

102.    At all relevant times, Defendant has employed, and continues to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

103.    Throughout the Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

104.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

105. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

106. Defendant willfully failed to pay Plaintiffs and the Wisconsin Class compensation for all hours worked in workweeks when no overtime was due, if any, by shaving time from Plaintiffs' and the Wisconsin Class' weekly timesheets and by failing to compensate Plaintiffs and the Wisconsin Class for daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of Wisconsin Wage Payment Laws.

107. As set forth above, Plaintiffs and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

108. Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Laborer employees who were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt Laborer employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt Laborer employees damages in the form of reimbursement for unpaid regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt Laborer employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiffs and all other similarly-situated hourly-paid, non-exempt Laborer employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiffs and all other similarly-situated hourly-paid, non-exempt Laborer employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 22nd day of July, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiffs


s/ ***Scott S. Luzi***　　　　　　
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
sluzi@walcheskeluzi.com